UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIN FENIX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | No. 1:24-cv-00202-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF SUPERVISOR DEFENDANTS<br><br>(ECF No. 15) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed May 6, 2024.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

1

1  "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
2  1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

3  A complaint must contain "a short and plain statement of the claim showing that the
4  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
7  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
8  that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
9  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

10  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
11  liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
12  1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be
13  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
14  that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
15  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
16  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
17  liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d
18  at 969.

## II.

## SUMMARY OF ALLEGATIONS

21  The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of
22  the screening requirement under 28 U.S.C. § 1915.

23  Plaintiff names Governor Gavin Newsom, Associate Warden Waddle, Correctional
24  Counselor Miller, Correctional Counselor Supervisor Cassering, and officer Soto, as Defendants.

25  Plaintiff was at High Desert State Prison (HDSP) and was being considered for a transfer.
26  Before Plaintiff was transferred, he documented that he could not be housed at North Kern State
27  Prison (NKSP) because he has enemies at that prison. Plaintiff told Miller and Cassering, but he
28  was transferred from HDSP to NKSP. Plaintiff immediately informed officer Soto that he has

enemies and faced a substantial risk of harm due to the unsafe housing. Officer Soto refused to protect Plaintiff and left him in arms way telling Plaintiff to "get at my people and get a 602." A few days after Plaintiff informed officer Soto of his enemy concerns, Plaintiff was called for a medical ducat. As soon as Plaintiff entered the yard, he was jumped by two inmate (enemies) and received a Rules Violation Report.

## III.

## DISCUSSION

### A.     Failure to Protect

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. at 832. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol, 776 F. 3d 1046, 1050 (9th Cir. 2015); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).

The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer, 511 U.S. at 837. Mere negligent failure to protect an

1    inmate from harm is not actionable under Section 1983. Id. at 835.

2         Here, Plaintiff alleges that Defendants Miller and Cassering knowingly transferred him
3    from HDSP to NKSP where he had documented enemies and was subsequently attacked.
4    Plaintiff also alleges that immediately upon his transfer he informed Defendant Soto of his
5    enemies, who failed to respond leading to the attack upon entry to the yard.  Based on these
6    allegations, Plaintiff states a cognizable claim for relief against Defendants Miller, Cassering, and
7    Soto.

8         **B.**     **Liability of Supervisors**

9         Plaintiff is attempting to sue Defendants Governor Newsom and Associate Warden
10   Waddle based solely upon their supervisory roles, he may not do so. Liability may not be
11   imposed on supervisory personnel for the actions or omissions of their subordinates under the
12   theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609
13   F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.
14   2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

15        Supervisors may be held liable only if they "participated in or directed the violations, or
16   knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th
17   Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567
18   F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an
19   official sets in motion a 'series of acts by others which the actor knows or reasonably should
20   know would cause others to inflict' constitutional harms." Corales, 567 F.3d at 570.

21        Supervisors may also be liable without any personal participation if an official
22   implemented "a policy so deficient that the policy itself is a repudiation of the constitutional
23   rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942
24   F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other
25   grounds by Farmer v. Brennan, 511 U.S. 825 (1970).  To prove liability for an action or policy,
26   the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom
27   established by a ... policymaker possessed with final authority to establish that policy." Waggy v.
28   Spokane Cty. Wash., 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory

4

position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, there is no allegation that either Governor Newsom or Associate Warden Waddle were personally involved in or had specific knowledge of Plaintiff's transfer from HDSP to NKSP or the subsequent attack on him. Accordingly, Plaintiff fails to state a cognizable claim against these Defendants and further leave to amend would be futile because Plaintiff has failed to provide factual allegations to give rise to a claim for relief even after granting leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

## IV.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's failure to protect claim against Defendants Miller, Cassering, and Soto; and
2. Defendants Governor Newsom and Associate Warden Waddle be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834,

838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 15, 2024**                                    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                         UNITED STATES MAGISTRATE JUDGE