**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVIN FENIX,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-0202 JLT SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS NEWSOM AND WADDLE<br><br>(Doc. 19) |

　　　　Davin Fenix seeks to hold the defendants liable for violations of his civil rights pursuant to 42 U.S.C. § 1983.  The magistrate judge screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a), and found Plaintiff states a cognizable claim for failure to protect against Defendants Miller, Cassering, and Soto. (Doc. 19 at 3-4.)  However, the magistrate judge found Plaintiff failed to state a claim against Governor Newsom and Associate Warden Waddle, because he sought to hold them liable based upon their supervisory roles and did not show they "were personally involved in or had specific knowledge of Plaintiff's transfer from HDSP to NKSP or the subsequent attack on him." (*Id.* at 4-5.)  The magistrate judge found leave to amend was futile as to these defendants because Plaintiff "failed to provide factual allegations to give rise to a claim for relief even after … leave to amend." (*Id.* at 5.)  Therefore, the magistrate judge recommended the claim raised against Newsom and Waddle be dismissed, and the action proceed only against Miller, Cassering, and Soto. (*Id.*)

1  Plaintiff filed timely objections to the Findings and Recommendations, asserting that
2  Governor Newsom and Associate Warden Waddle should not be dismissed as defendants.  (Doc.
3  20 at 3.)  Plaintiff asserts these defendants "are liable because they created policies that violate
4  safety and disregarded a []substantial risk of harm to Plaintiff."  (*Id.* at 3.)  However, Plaintiff
5  does not allege any facts—as the magistrate judge observed—supporting a conclusion these
6  defendants were aware of a substantial risk of harm *to Plaintiff* related to his transfer between
7  facilities, or the attack upon that occurred after the transfer.  Without such allegations, Plaintiff is
8  unable to state a claim against Newsom and Waddle.  As the magistrate judge observed, "[v]ague
9  and conclusory allegations concerning the involvement of supervisory personnel in civil rights
10  violations are not sufficient."  (*Id.* at 5, citing *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th
11  Cir. 1982).)

12  According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
13  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations
14  are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

15  1. The Findings and Recommendations issued May 16, 2024 (Doc. 19) are
16     **ADOPTED** in full.
17  2. This action **SHALL** proceed <u>only</u> on Plaintiff's failure to protect claim against
18     Defendants Miller, Cassering, and Soto.
19  3. Governor Newsom and Associate Warden Waddle are **DISMISSED** as defendants
20     from the action.
21  4. The Clerk of Court is directed to update the docket.
22  5. This matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **June 5, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

2