UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIN FENIX,<br><br>             Plaintiff,<br><br>     v.<br><br>GAVIN NEWSOM, et al.,<br><br>             Defendants. | No.  1:24-cv-00202-JLT-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY MERITS-BASED DISCOVERY AND VACATE DEADLINES<br><br>(ECF No. 38) |

  Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Defendants' motion to stay merits-based discovery and vacate the dispositive motion deadline, filed April 11, 2025.  (ECF No. 38.)

  The Court is vested with broad discretion to manage discovery.  Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery.  The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).  The propriety of

delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

On February 14, 2025, Defendants filed a motion for summary judgment for Plaintiff's failure to exhaust the administrative remedies. (ECF No. 37.) The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on Plaintiff's claims against them if the Court determines the claim is unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party may seek redress by Federal Rule of Civil Procedure 56(d). Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by Albino, 747 F.3d at 1168-69).

On the basis of good cause, it is HEREBY ORDERED that:

1. All discovery, not related to exhaustion of the administrative remedies, is stayed until a final ruling on Defendants' pending motion for summary judgment;
2. The discovery and dispositive motions deadlines are vacated; and
3. If necessary, the Court will reset the deadlines following resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated:  **April 11, 2025**

STANLEY A. BOONE
United States Magistrate Judge