UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIN FENIX,<br><br>    Plaintiff,<br><br>  v.<br><br>SOTO,<br><br>    Defendant. | No. 1:24-cv-00202-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR TERMINATING SANCTIONS<br><br>(ECF No. 48) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion for terminating sanctions, filed April 15, 2026. (ECF No. 48.)

**I.**

**RELEVANT BACKGROUND**

This action proceeds on Plaintiff's failure to protect claim against Defendant Soto.

On May 30, 2025, the Court granted summary judgment in favor of Defendants Casaurang and Miller for failure to exhaust the administrative remedies. (ECF No. 41.)

On June 2, 2025, the Court issued an amended scheduling order, which was later modified at Defendant's request on October 1, 2025. (ECF Nos. 42, 44.)

1

On November 26, 2025, Defendant filed a motion to compel discovery responses and motion to modify the scheduling order.  (ECF No. 45.)  Plaintiff did not file an opposition.

On January 7, 2026, the Court granted Defendant's motion to compel and ordered Plaintiff to serve responses to Defendant's request for production of documents within 30 days.  (ECF No. 46.)

On April 15, 2026, Defendant filed the instant motion for terminating sanctions based on Plaintiff's failure to provide discovery responses in compliance with the Court's order.  (ECF No. 48.)  Plaintiff did not file an opposition and the time to do so has passed.  Local Rule 230(l).

For the reasons stated below, the Court recommends that Defendant's motion be granted and that this case be dismissed with prejudice.

**II.**

**LEGAL STANDARD**

Federal Rule of Civil Procedure 37(b) provides that if a party "fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders." Those further orders may include a wide range of sanctions, such as adverse inferences, "striking pleadings in whole or in part," and "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A); see also Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) ("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." (citations omitted)). In addition, Federal Rule of Civil Procedure 41(b) provides that if a plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The standards governing dismissal for failure to obey a court order are essentially the same under either of these rules.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (explaining that standards governing dismissal under Rules 16(f), which allows for sanctions as authorized by Rule 37(b), and under Rule 41(b) are "basically the same").

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly 'willfulness, bad faith, and fault' justify terminating

2

sanctions." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (citation omitted). The "misconduct penalized must relate to matters in controversy in such a way as to interfere with the rightful decision of the case." Tripati v. Corizon Inc., 713 F. App'x 710, 711 (9th Cir. 2018) (quoting Halaco Eng'g Co. v. Costle, 843 F.2d 376, 381 (9th Cir. 1988)).

In addition to the willfulness, bad faith, and fault prerequisite, a district court must weigh the following five factors in deciding whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone, 833 F.2d at 130 (citation omitted). These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## III.

## DISCUSSION

Defendant seeks terminating sanctions for Plaintiff's failure to comply with the Court's order to respond to Defendant's request for production.  (ECF No. 48.)  Specifically, Defendant argues that a terminating sanction is justified because Plaintiff willfully violated the Court's order and because the five factors above weigh, on balance, in favor of dismissal. (Id. at 4-6.)  The Court agrees.

### A.    Public Interest in Expeditious Resolution and Court's Need to Manage Docket

Here, Plaintiff's failure to comply with and participate in discovery proceedings after being ordered to do so precludes an expeditious resolution of this matter and unnecessarily prolongs this case on the court's docket. The public has "an overriding interest" in orderly, expeditious, and inexpensive determination of every action.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006).  Delay in reaching the merits is costly "in money, memory, manageability, and confidence in the process." Id. Though cases should

3

generally be disposed of on their merits, a plaintiff is responsible for moving their case to that disposition. Similarly, any prolonged resolution inhibits the Court's need to manage its docket. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962).

Here, Plaintiff has maintained this action since 2024. Plaintiff's conduct has already delayed this litigation, impeding the Court's ability to manage the other cases before it. Plaintiff's unexplained refusal to participate in discovery has now resulted in yet another delay to this litigation, and will further delay a resolution of this matter on the merits. Indeed, Plaintiff filed this action, and he is required to litigate it in an efficient and timely manner. Plaintiff has had more than three months to comply with the Court's order to respond to Defendant's discovery, yet he has served none and taken no action at all. This case cannot move forward towards resolution without Plaintiff's participation in the discovery process. Plaintiff has not filed anything with the Court nor contacted defense counsel since the Court's order compelling him to respond to discovery. Indeed, Plaintiff has not filed anything in this case since his notice of change of address filed in May of 2025. (See ECF No. 22.) It appears as though Plaintiff has lost interest in this litigation while his case continues to sit idle on the Court's docket. Thus, the first two factors weigh in favor of dismissal.

### B.    Risk of Prejudice to Defendants

Defendant argues that the third factor also weighs in favor of dismissal because Plaintiff's willful misconduct has caused significant and unnecessary delays, warranting a presumption of prejudice. Defendant suffered undue prejudice, having wasted considerable time and resources preparing the discovery request of which Plaintiff willfully failed to respond. Plaintiff's failure to participate in discovery also placed an undue financial burden on Defendant as he had to needlessly incur expenses seeking the Court's assistance to enforce orders. Finally, Plaintiff has not provided a non-frivolous excuse for his failure to respond and he has not filed an opposition to the instant motion.

///

Defendant cannot assess the viability of a motion for summary judgment and formulate his defenses in without a response to this discovery, and thus has been prejudiced by Plaintiff's lack of participation. Furthermore, Defendant is prejudiced by the unnecessary delay in this action, which has forced Defendant to expend unnecessary time, effort, and money on preparation, court filings, and attorney fees. Not only that, but a further delay in this action could result in further loss of evidence, which would irrevocably threaten the strength of any defense. Because Plaintiff's improper actions have prejudiced and will continue to cause prejudice to Defendants, the third factor also weighs in favor of dismissal.

### C.    Availability of Less-Drastic Sanctions

As to the availability of lesser sanctions, the relevant questions are: "(1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" Malone, 833 F.2d at 132.  "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." Id. at 131-32 (quoting United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 912 (9th Cir. 1986)). A "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001); Malone, 833 F.2d at 132–33; Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1413 (9th Cir. 1990).

Here, the Court's discovery and scheduling order explicitly warned Plaintiff: "The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules." (ECF No. 36 at 1-2.)  In addition, the Court's order compelling his responses expressly stated: "Plaintiff is cautioned that failure to comply with this Court's order compelling responses to the pending discovery request may result in further sanctions including the dismissal of this case." (ECF NO. 46 at 4.)  These warnings have failed to compel Plaintiff to comply with Court's order

5

or litigate in good faith. Given his ongoing disregard for judicial directives, no lesser sanction will be effective.  Plaintiff has been sufficiently warned of the consequences of failing to comply with the Court's orders, and yet he continues to ignore them.

In an ordinary case, monetary sanctions might serve as an appropriate remedy. However, because Plaintiff is proceeding in forma pauperis, monetary sanctions would be ineffective as he lacks the financial means to pay them.  Federal courts have consistently held that monetary sanctions are ineffective against indigent litigants. See Pik v. Univ. of Penn., 457 F. App'x 122, 123 (3d Cir. 2012) ("Monetary sanctions would not have been an effective alternative because Pik was proceeding in forma pauperis."); Smith v. McKune, 345 F. App'x 317, 320 (10th Cir. 2009)(internal quotes and citation omitted) ( "lesser sanctions are not just lacking in efficacy. Monetary sanctions are meaningless to a plaintiff who has been allowed to proceed in forma pauperis."); Gonzales v. City of Clovis, No. 1:12-cv-00053-AWI, 2013 WL 1314077, at *2 (E.D. Cal. Apr. 1, 2013) ("[B]ecause Plaintiff is proceeding pro se and in forma pauperis, monetary sanctions are not a viable alternative"); Hazeltine v. Tuolumne Cty. Bd. of Supervisors, No. 1:04-cv-06712-LJO, 2011 WL 39029, at *2 (E.D. Cal. Jan. 5, 2011) ("Alternatives, less drastic than dismissal, do not appear to be realistic. Because Plaintiff is proceeding in forma pauperis, monetary sanctions are not a viable option.").

Despite the warning that noncompliance could result in dismissal, Plaintiff has willfully ignored them and refuses to change his behavior. Since no alternative sanction is likely to be effective, terminating sanctions are necessary and warranted.

**D.      Public Policy Favoring Disposition of Cases on the Merits**

This factor "lends little support" where the behavior of the party against whom dismissal is sought impeded disposition of the case on its merits. In re: Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006); Sanchez v. Rodriguez, 298 F.R.D. 460, 472 (C.D. Cal 2014.) ("While the fourth factor of the test generally tends to cut against dismissal as a sanction, the public policy favoring the disposition of cases on their merits is not furthered by litigants who ... refuse to provide the defense with critical discovery, thereby hindering the preparation of a defense on the merits."); Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007,

6

1022 (9th Cir. 2002) (this factor does not preclude dismissal where the other factors weigh in favor of dismissal.).

Here, Plaintiff initiated this action in 2024 and has effectively halted the progress of his own action by failing to cooperate with discovery proceedings, as his refusal to comply with the Court's order and provide a response to Defendant Soto's discovery request prevents Defendant from evaluating the merits of the claim. Thus, Defendant is unable to defend this case on the merits.

### E.    Willful Conduct

The Ninth Circuit has stated that "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions." Conn. Gen. Life Ins. Co., 482 F.3d at 1096 (citing Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)). This prerequisite "does not require wrongful intent." Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014). Instead, " '[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault.' " Jorgensen, 320 F.3d at 912 (citation omitted). "Delay, failure to appear for depositions, failure to answer interrogatories resulting from a party being out of town, and misunderstanding a party's own counsel are not matters outside of a party's control." Nat'l Corp. Tax Credit Funds III, IV, VI, VII v. Potashnik, 2010 WL 457626, at *4 (C.D. Cal. Feb. 4, 2010) (citing Henry v. Gill Indus., Inc., 983 F.2d 943, 949 (9th Cir. 1993)).

Plaintiff's refusal to respond to discovery requests was not the result of mistake, inadvertence, or factors beyond his control, it was a deliberate and intentional decision. Willful misconduct is established when a party knowingly disobeys a court order without justification. See Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir. 1985). In assessing willfulness, the Court may consider the party's motivations, and can consider his "dilatory and obstructive conduct" in the case and other related cases. Compass Bank v. Morris Cerullo World Evangelism, 104 F. Supp. 3d 1040, 1053 (S.D. Cal. 2015).

Here, Plaintiff failed to respond to Defendant's discovery requests and failed to oppose Defendant's motion to compel such responses. In addition, despite being warned of dismissal, Plaintiff failed to comply with the Court's order to provide discovery responses. In addition,

Plaintiff has not responded to Defendant's instant motion for terminating sanctions or attempted to show that his continued failure to comply with the discovery obligations imposed on him by the Federal Rules of Civil Procedure and this Court's orders was and/or is outside of his control. See Fjelstad, 762 F.2d at 1341.  Accordingly, Plaintiff's inaction and silence further demonstrate his intent to obstruct judicial proceedings.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     Defendant's motion to dismiss this action as a discovery sanction be granted; and

2.     The instant action be dismissed, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge